# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

No. 15-1264
(Serial No. 29/234,717)

In Re: SHEIKHA LATEEFAH ALSABAH,

*Appellant.*

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board.

## BRIEF OF APPELLANT

David E. Dougherty
Sean A. Passino
Lowe Hauptman & Ham, LLP
2318 Mill Road, Suite 1400
Alexandria, Virginia 22314
703-535-7076
Fax: 703-518-5499
Email: ddougherty@ipfirm.com

*Attorneys for Appellant Sheikha Lateefah AlSabah*

# CERTIFICATE OF INTEREST

Counsel for Sheikha Lateefah AlSabah certifies the following:

1.    The full name of every party or amicus represented by Counsel is:

Sheikha Lateefah Fahed AlSalem AlSabah.

2.    The name of the real party in interest represented by me is:

None.

3.    All parent corporations and any publicly held companies that own 10

percent or more of the stock of the party represented by me are:

None.

4.    The names of all law firms and the partners or associates that

appeared for the party or amicus now represented by me in the trial court or

agency or are expected to appear in this Court are:

David E. Dougherty
Sean A. Passino
LOWE HAUPTMAN & HAM, LLP
2318 Mill Road, Suite 1400
Alexandria, Virginia 22314

The following individuals filed papers in the USPTO. Other than Mr. Dougherty, no one who filed a paper in the USPTO is expected to appear before this Court.

David E. Dougherty
Dennison, Schultz, Dougherty & MacDonald
1727 King Street, Suite 105
Alexandria, VA 22314-2700

David E. Dougherty
Lowe Hauptman Ham & Berner, LLP
1700 Diagonal Road, Suite 300
Alexandria, VA 22314 [new firm name and address below]

Respectfully submitted,

___/s/ David E. Dougherty___        dated March 16, 2015

Lowe Hauptman & Ham, LLP
2318 Mill Road, Suite 1400
Alexandria, Virginia 22314
703-535-7076
Fax: 703-518-5499
Email: ddougherty@ipfirm.com

*Attorney for Appellant Sheikha Lateefah AlSabah*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................ i

TABLE OF AUTHORITIES ..................................................................... ii

STATEMENT OF RELATED CASES ................................................... 1

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF THE ISSUES ........................................................... 1

STATEMENT OF THE CASE ............................................................... 2

STATEMENT OF THE FACTS ............................................................ 3

SUMMARY OF THE ARGUMENT .................................................... 7

ARGUMENT ...................................................................................... 8

   I.   STANDARD OF REVIEW ......................................................... 8

   II.  ANALYSIS ............................................................................... 9

CONCLUSION AND STATEMENT OF RELIEF SOUGHT ............... 21

CERTIFICATE OF COMPLIANCE .................................................. 22

CERTIFICATE OF SERVICE............................................................ 23

ADDENDUM.................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

*Gorham Co. v. White*,
   81 U.S. 511 (1871) ............................................................................. 18

*High Point Design LLC v. Buyers Direct, Inc.*,
   730 F.3d 1301 (Fed. Cir. 2013) ............................................... 12, 13

*In re Kotzab*,
   217 F.3d 1365 (Fed. Cir. 2000) ................................................... 8

*In re Nuijten*,
   500 F.3d 1346 (Fed. Cir. 2007) ................................................... 8

*In re Schnell*,
   46 F.2d 203 (CCPA 1931) ....................................................... 4, 15

*In re Zahn*,
   617 F.2d 261 (CCPA 1980) ..................................................... 18, 19

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*,
   744 F.3d 1272 (Fed. Cir. 2014) ................................................... 9

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*,
   574 U.S. ___, 135 S.Ct. 831 (2015) ........................................... 9

**Statutes**

28 U.S.C. 1295(a)(4)(A) ..................................................................... 1

35 U.S.C. § 171 .......................................................................... *passim*

**Rules**

37 C.F.R. § 1.153 ............................................................................. 17

**Other**

MPEP § 1504 ............................................................................... 6, 13

Design Patent No. 308,541 (1990) ........................................... 5, 10

## STATEMENT OF RELATED CASES

Appellant provides the following:

(a)     that there have been no previous appeals in this case; and

(b)     that Appellant is aware of no other case that will be directly affected by this Court's decision in this case.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1295(a)(4)(A). The judgment or order appealed from (*Ex parte Sheikha Lateefah AlSabah*, Appeal No. 2012-007180 (PTAB Sept. 22, 2014)) is final. A Notice of Appeal was filed November 21, 2014. The United States Patent and Trademark Office filed the Notice Forwarding Certified List on December 31, 2014.

## STATEMENT OF THE ISSUES

Whether the Board erred in affirming the examiner's rejection of claim 2, the sole claim on appeal, under 35 U.S.C. § 171 as directed to nonstatutory subject matter, and in particular:

(a)   Is a "teaching aid" an article of manufacture pursuant to 35 U.S.C. § 171; and

(b)   Is claim 2 directed to a design that is applied to or embodied in an article of manufacture or otherwise statutory subject matter pursuant to 35 U.S.C. § 171.

## STATEMENT OF THE CASE

This is an appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board based on a Final Decision dated September 22, 2014. A1-5. The Board affirmed the rejection of claim 2 under 35 U.S.C. § 171 as directed to nonstatutory subject matter for a "failure to claim a design as embodied in or applied to an article of manufacture." A4-5. The events unfolded as follows.

On July 22, 2005, Appellant filed Design Patent Application No. 29/234,717 entitled "Teaching aid for teaching Arabic," A8, and claiming "a table of synopsized Arabic letters...." A16. On March 4, 2009, claim 1 was rejected under 35 U.S.C. § 171 as directed to nonstatutory subject matter. A25. On June 4, 2009, in response, claim 1 was canceled, and claim 2 was first presented and directed to an "ornamental design for a Teaching Aid for Teaching Arabic." A35. On December 10, 2009, claim 2 was finally rejected as directed to nonstatutory subject matter. A44. On March 16, 2010, a Request for Reconsideration was filed, A52, with a Notice of Appeal. A50. On July 15, 2010, a Brief was filed, A78, which resulted in a second final Office Action. A127-129. On September 16, 2011, the Notice of Appeal was renewed, A131, and on September 20, 2011, a second Brief

2

was filed, A145-153, and on February 21, 2012, answered. A206-207. On March 29, 2012, a reply was filed. A210-216. On September 22, 2014, the Board affirmed the examiner's decision to reject claim 2. A1-5. On November 21, 2014, a timely Notice of Appeal was filed. A227-228.

## STATEMENT OF THE FACTS

Sheikha Lateefah AlSabah has an interest in promoting literacy and for teaching Arabic, and as part of her vision, Sheikha Lateefah AlSabah filed the present United States Patent Application for Design No. 29/234,717.

The '717 application states that Sheikha Lateefah AlSabah "invented a new, original and ornamental design for a **TEACHING AID FOR TEACHING ARABIC**" and that Figure 1 "is a table of synopsized Arabic language letters divided into groups for teaching the Arabic language showing my new design." A16 (emphasis in original). Figure 1, the only figure in the '717 application, appears as follows:

| Group | Lateefa Groups |
|---|---|
| 1st | ا |
| 2nd | بـ تـ ثـ يـ نـ ثـ |
| 3rd | جـ حـ خـ |
| 4th | د ذ |
| 5th | ر ز |
| 6th | س ش |
| 7th | صـ ضـ طـ ظ |
| 8th | عـ غـ فـ قـ |
| 9th | ك |
| 10th | ل مـ هـ ة و ي |

A39. The '717 application claims, in the only pending claim (claim 2), "[t]he ornamental design for a Teaching Aid for Teaching Arabic as shown and described." A35.

The examiner finally rejected claim 2. A127-129; *see also* A206-07 (examiner's Answer on Appeal). The examiner understood "the claim to be synopsized Arabic words and grid lines organized in a table format existing separately from any tangible article to which the design may be applied." A207. Focusing on the recited "teaching aid," the examiner found that "TEACHING AID FOR TEACHING ARABIC is a table ..., [and] the claimed teaching aid is not yet embodied in or applied to an article of manufacture." A206. For support, the examiner relied on multiple passages characterizing old Commissioner decisions from *In re Schnell*, 46 F.2d 203 (CCPA 1931). A128 (cited as 8 USPQ 19; quoted passages are at 46 F.2d at 207, 209). In this regard, the examiner seemed to be

4

looking for "explanation or illustration [of] just how the article will look with the design applied to it." A207. The examiner concluded that "the claimed teaching aid is a disembodied design." A206.

On appeal, Sheikha Lateefah AlSabah stated that the claim reads: "The ornamental design for a TEACHING AID FOR TEACHING ARABIC as <u>shown and described</u>." A149 (emphasis in original). The Opening Brief urged the Board to find that the recited "Teaching Aid" is an article of manufacture." A146. The Opening Brief also noted various definitions of "aid" and "teaching aid." A146-47. For example, "aid" was noted as defined by Webster's Ninth New Collegiate Dictionary as "<u>an assisting device</u> (an aid to understanding) (a visual aid)," A146 (emphasis in original), and "teaching aid" was defined by Google as:

A teaching aid is a tool used by teacher's, facilitators or tutors to:

- Help learner's improve reading or other skills;

- Illustrate or reinforce a skill, fact or idea; and

- Relieve anxiety, fear or boredom, since many teaching aids are like games.

A146.

The Brief noted that patents to teaching aids exist, such as Des. 308,541 to Wattenmaker. A101-04, 149-52. The Reply states the following:

[Figure 1] clearly shows the design as it appears on a substrate and as shown on a piece of paper that acts as a substrate. Further it is Applicant's contention that a substrate is inherently included in a table. In fact, it is difficult if not impossible to picture a table of data without some substrate as is shown in Figure 1 of ['717] specification. Without a substrate there would be nothing to hold the synopsized Arabic letters in ten groups as shown.

A213.  The Reply urged that Figure 1 shows "the design and substrate (background for the synopsized Arabic letters)." A214-15.

The Board affirmed the examiner's "decision rejecting the sole claim on appeal." A5. Citing only the Manual of Patent Examining Procedure (MPEP) §1504, the Board noted that "the design must be shown as applied to or embodied in an article of manufacture." A3. The Board found that the term "Teaching Aid" from claim 2 embraced both "articles of manufacture whose appearances might qualify as patentable subject matter" and "mnemonic that might be pictured in the mind independently of any article of manufacture." A4. According to the Board, "The drawing does not distinguish between these two possibilities." A4.  The Board, focusing on the "articles of manufacture" further found that "essentially any article might be converted into an aid for teaching the Arabic language by somehow applying the claimed table to a surface." A4.  In this regard, the Board concluded, "Because the claim is not limited to the table depicted in the drawing

6

figure as applied to any particular article, it is directed to the table itself in the abstract." A4.

In the Board's final remarks sustaining the rejection, it noted that "the table shown in the drawing may be a surface ornamentation capable of application to a variety of articles for use as teaching aids, but contrary to Appellant's assertion, the table is not shown in Figure 1 as applied to any such articles." A4.

## SUMMARY OF THE ARGUMENT

The Board erred when it held that claim 2, the sole claim on appeal, was directed to nonstatutory subject matter as provided under 35 U.S.C. § 171.

The U.S. Patent and Trademark Office has repeatedly held that a teaching aid is an article of manufacture pursuant to 35 U.S.C. § 171.

Further, the Board erred in its statement that even assuming for purposes of this appeal that the term "teaching aid" did refer to an article of manufacture, essentially any article might be converted into an aid for teaching the Arabic language by somehow applying the claimed table to a surface ... because the claim is not limited to the table depicted in the drawing figure as applied to any particular article, it is directed to the table itself in the abstract. That statement is incorrect.

Figure 1 clearly illustrates a teaching aid as shown and described and is an article of manufacture. In fact, a teacher could readily take a copy of a U.S. patent

issued on Appellant's design or a copy of Figure 1 and have a teaching aid that is suitable for teaching Arabic. Accordingly, it is Appellant's contention that a teaching aid for teaching the Arabic language is clearly shown in Figure 1.

The Board also erred in its statement that:

> The term is broad enough to encompass a mnemonic that might be pictured in the mind independently of any article of manufacture. The drawing does not distinguish between these two possibilities.

It is Appellant's contention that the claim calls for a teaching aid as shown, and does not read on a mnemonic that might be pictured in the mind independently of an article of manufacture.

## ARGUMENT

### I. STANDARD OF REVIEW

The Board's factual findings are reviewed for substantial evidence and its legal conclusions are reviewed *de novo*. *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000). Whether a claim is invalid for failure to claim statutory subject matter is a matter of both claim construction and statutory construction. *Cf. In re Nuijten*, 500 F.3d 1346, 1352 (Fed. Cir. 2007); 35 U.S.C. § 171 ("The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided."). Statutory construction is reviewed *de novo*. *Id.* Claim

construction is reviewed *de novo*. *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1292 (Fed. Cir. 2014) (*en banc*). Subsidiary facts in claim construction are reviewed as factual findings. *Cf. Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 574 U.S. ___, 135 S.Ct. 831, 838 (2015) ("Accordingly, when we held in *Markman* that the ultimate question of claim construction is for the judge and not the jury, we did not create an exception from the ordinary rule governing appellate review of factual matters.").

## II.   ANALYSIS

Appellant's claim 2 calls for the ornamental design for a teaching aid for teaching Arabic as shown and described.  As claimed, Appellant's invention is directed to statutory subject matter namely, a teaching aid.  A teaching aid is an article of manufacture as clearly understood by a person of ordinary skill in the art. That article of manufacture is clearly shown in Figure 1 when considering the claim in its entirety by a person of ordinary skill in the art.

As defined on Google:

A teaching aid is a tool used by teacher's, facilitators or tutors to:

- Help learner's improve reading or other skills;

- Illustrate or reinforce a skill, fact or idea; and

- Relieve anxiety, fear or boredom, since many teaching aids are like games.

A146.

As defined in Appellant's specification under description "[t]he single figure is a table of synopsized Arabic language letters divided into groups for teaching the Arabic language showing my new design." A16.

The U.S. Patent and Trademark Office has repeatedly recognized that a "teaching aid" is an article of manufacture pursuant to 35 U.S.C. § 171. See for example, Des. 308,541 of Wattenmaker (1990). A101-04, 149-52.

In view of the above, it is respectfully submitted that Appellant's application is in full compliance with 35 U.S.C. § 171 and that a teaching aid and a table are each articles of manufacture.

Throughout the prosecution of Appellant's application, not one single reference has been cited as disclosing or suggesting Appellant's design. Thus, it is Appellant's contention that her design is patentable and is in full compliance with 35 U.S.C. § 171.

Appellant claims "[t]he ornamental design for a Teaching Aid for Teaching Arabic as shown and described." The claimed "Teaching Aid" is depicted in the sole figure of the application.

The Specification describes the drawing figure as depicting "a table of synopsized Arabic letters divided into groups for teaching the Arabic language." The term "Table" is defined in Webster's New Collegiate Dictionary, 150th Anniversary Edition as 5a "a systematic arrangement of data usually in rows and columns for ready reference." A146.

The sole claim on appeal was rejected under 35 U.S.C. § 171 as directed to nonstatutory subject matter.

The Board on page 2 of the Decision stated, "The Examiner concludes that the appealed claim is 'directed to nonstatutory subject matter because the design is not shown embodied in or applied to an article.'" A2. The Board further stated the following:

> The Examiner "understands the claim to be synopsized Arabic words and grid lines organized in a table format existing separately from any tangible article to which the design may be applied"…"[i]t remains unknown what the article of manufacture would look like with the design applied to it."

A2-3.

Appellant's claim calls for an ornamental design for a teaching aid for teaching Arabic <u>as shown and described</u>. It is respectfully submitted that "as shown and described" refers to a teaching aid that is described in the application as a table.

In the above Decision, the Board apparently overlooked two basic tenets of U.S. patent law. A first tenet of patents is that in rejecting a claim the examiner must consider the claim as a whole and in its entirety. A second tenet is that the purpose of the claim is to teach <u>a person of ordinary skill in the art</u> to understand what it is that the claim depicts.

In a decision by the U.S. Court of Appeals for the Federal Circuit, *High Point Design LLC v. Buyers Direct, Inc.,* 730 F.3d 1301 (Fed. Cir. 2013), decided September 11, 2013, as stated on page 12 of the aforementioned decision:

> When assessing the potential obviousness of a design patent, a finder of fact employs two distinct steps: first, "one must find a single reference, a something in existence, the design characteristics of which are basically the same as the claimed design."

*Id.* at 1311.

Under the first step, a court must both "(1) discern the correct visual impression created by the patented design <u>as a whole</u>." *Id.* at 1312. (Emphasis added.)

On pages 14 and 15 of the aforementioned decision, the Court stated:

> The central inquiry in analyzing an ornamental design for obviousness is whether the design would have been obvious to a designer of ordinary skill who designs articles of the type involved. (quoting *Avia Grp. Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1564 (Fed.

12

Cir. 1988), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008)(*en banc*)); *In re Nalbandian*, 661 F.2d 1214, 1216 (CCPA 1981) (explicitly rejecting the "ordinary observer" standard for assessing the obviousness of design patents, as set forth in *In re Laverne*, 356 F.2d 1003 (CCPA 1966), and holding: "In design [patent] cases we will consider the fictitious person identified in § 103 as 'one of ordinary skill in the art' to be the designer of ordinary capability who designs articles of the type presented in the application."); *see also L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993) ("In applying the law of § 103 to the particular facts pertinent to the patented design, obviousness *vel non* is reviewed from the viewpoint of a designer of ordinary skill or capability in the field to which the design pertains.") (citing *Nalbandian*, 661 F.2d at 1216). Given this precedent, the district court erred in applying the ordinary observer standard to assess the obviousness of the design patent at issue.

*Id.* at 1313.

In the present Decision, the Board stated on page 3 (A3), last paragraph,

Appellant correctly refers to MPEP § 1504, reproduced below.

A picture standing alone is not patentable under 35 U.S.C. § 171. The factor which distinguishes statutory design subject matter from mere picture or ornamentation, *per se* (i.e., abstract design), is the embodiment of the design in an article of manufacture. Consistent with 35 U.S.C. 171, case law and USPTO practice, the design must be shown as applied to or embodied in an article of manufacture.

It is respectfully submitted that the drawing does show the design applied to or embodied in an article of manufacture. As shown, the design is printed on a piece of white paper, and a piece of paper is an article of manufacture. It is a substrate which holds the design in a group of rows and columns as shown in the ten groups of synopsized Arabic letters as shown in Figure 1. As clearly shown, a person of ordinary skill in the art would clearly recognize Figure 1 as a table and as a teaching aid for teaching Arabic. Thus, it is Appellant's contention that the Decision of the Board should be reversed.

In its analysis the Board stated on page 4 of the Board's Decision (A4):

> We note that the only ground of rejection on appeal is for failure to claim a design as embodied in or applied to an article of manufacture under 35 U.S.C. § 171…. The term "teaching aid" as used in the text of the claim is broad enough to encompass articles of manufacture whose appearances might qualify as patentable subject matter. The term also is broad enough to encompass a mnemonic that might be pictured in the mind independently of any article of manufacture. The drawing does not distinguish between these two possibilities. Even assuming for purposes of this appeal that the term "teaching aid" did refer to an article of manufacture, essentially any article might be converted into an aid for teaching the Arabic language by somehow applying the claimed table to a surface.

It is respectfully submitted that the above statement by the Board is <u>not</u> correct for two reasons.

First, regarding a design encompassing a "mnemonic that might be pictured in the mind independently of any article of manufacture," Appellant's claim 2 calls for a "teaching aid" and thus is clearly distinguished from a mnemonic formed in an individual's mind, since that image cannot be shown to, handed to or conveyed to a student or used as a teaching aid.

Second, the Board's statement that "even assuming for purposes of this appeal that the term "teaching aid" did refer to an article of manufacture, essentially any article might be conveyed into an aid for teaching the Arabic language by somehow applying the claim table to a surface," implies that this is a valid reason for rejecting the claim. In fact, it is not a reason for rejecting a claim. As stated in a 1931 decision by the Court of Customs and Patent Appeals (CCPA) *In re Schnell,* 46 F.2d 203 (CCPA 1931). The aforementioned statement is not correct in view of *In re Schnell*, at 207. As stated:

> Furthermore, I fail to find any instance where the courts have held a design patent invalid when the design consisted of surface ornamentation, but without showing it applied to a specific article of manufacture.... No specific mention is made of any article of manufacture to which the border-section may be applied, nor is any shown in the drawing.

The Board's position is at best based on dictum as applied here.

In the present case, Appellant's claim 2 clearly and specifically calls for a "teaching aid" and in the specification defines a teaching aid as a table of synopsized Arabic language letters divided into groups for teaching the Arabic language.

The term "teaching aid" as used in the text of the claim is broad enough to incorporate articles of manufacture whose appearance is broad enough to qualify as patentable subject matter.

It is Appellant's contention that a teaching aid is an article of manufacture and a proper statement of an article of manufacture as called for in Appellant's claim.

The Board in its analysis further stated the following:

> The term also is broad enough to encompass a mnemonic that might be pictured in the mind independently of any article of manufacture. The drawing does not distinguish between the two possibilities. Even assuming for purposes of this appeal that the term "teaching aid" did refer to an article of manufacture, essentially any article might be converted into an aid for teaching the Arabic language by somehow applying the claimed table to a surface.

A4.

Appellant's figure clearly shows the design as it appears on a substrate or piece of white paper that is an article of manufacture. The design is printed on the

piece of paper and in a unique design. As stated in the claim, Appellant claims an ornamental design for a teaching aid for teaching Arabic <u>as shown and described</u>. As shown the teaching aid is clearly an article of manufacture and is described in the specification as a table. A table, as previously mentioned, relates to an article of manufacture.

The claim's layout is consistent with the PTO's rules. 37 C.F.R. § 1.153 refers to "(a).... The claim shall be in formal terms to the ornamental design for the article (specifying names, as shown or as shown and described). More than one claim is neither required nor permitted." The claim is directed to a design for an article, namely, a teaching aid.

Appellant's claim is for an ornamental design for a teaching aid for teaching Arabic <u>as shown and described</u>. Further, the specification describes the drawing figure as depicting "a table of synopsized Arabic letters divided into groups for teaching the Arabic language."

It is Appellant's contention that the Board erred in rejecting sole claim 2 under 35 U.S.C. § 171 as directed to non-statutory subject matter. It is clear that the Board failed to consider the claim in its entirety and as a whole, and did not consider the language as described and shown in Figure 1. As described and shown in Figure 1, a plurality of synopsized Arabic letters is divided into ten groups and indicating one to five, six or more columns. Thus, it is this group as

depicted on a piece of paper, an article of manufacture which clearly teaches a person of ordinary skill in the art what it is that is claimed.

Further, the Board refers to on page 4 of the Board's decision (A4) they state, the "teaching aid" as used in the text of the claim is broad enough to encompass any article of manufacture whose appearance might qualify as patentable subject matter and a mnemonic that might be pictured in the mind independently of any article of manufacture. The claim calls for a teaching aid as shown and described. Therefore, the specific table is shown exactly as it appears in Figure 1 and is not in the abstract.

A decision by the U.S. Court of Customs and Patent Appeals, 617 F.2d 261, *In re Zahn*, Appeal No. 79-560 of February 21, 1980, referred to the U.S. Supreme Court decision in *Gorham Co. v. White*, 81 U.S. 511 (1871), the design patent in suit was for a "new design for the handles of tablespoons and forks." The drawing appears at 81 U.S. at 521 and shows a design embodied in the handle of what appears to be a spoon, but could be a fork, the bowl or tine portion simply being omitted. With respect to the U.S. Supreme Court decision, the CCPA stated:

> Clearly, the case involved a design for unitary, one-piece articles of manufacture wherein in the design was embodied in only part of the article, namely, the handle.

*Zhan* at 268.

As stated by the Court in the *Zahn* case,

> Section 171 authorizes patents on ornamental designs *for* articles of manufacture. While the design must be embodied in some articles, the statute is not limited to designs for complete articles, or "discrete" articles, and certainly not to articles separately sold…No sound authority has been cited for any limitation on *how* a design is to be embodied in an article of manufacture. Here the design is embodied in the shank portion of a drill and a drill is unquestionably an article of manufacture. It is thus applied design as distinguished from abstract design. Referring to the express words of § 171, supra, we are of the opinion that the word "therefor" in the phrase "may obtain a patent therefor" refers back to "design," not to "article of manufacture." We note also that § 171 <u>refers not to the design *of* an article, but to a design *for* an article</u>, and is inclusive of ornamental designs of *all* kinds including surface ornamentation….

*Zhan* at 268 (Emphasis added).

Not only that, it is shown in a specific arrangement and if that specific arrangement is not shown, it is not covered by the claim. It is not understood how the Board can reach the conclusion that because the claim is not limited to the table depicted in the drawing figure as applied to any particular article it is clearly shown and described as a "teaching aid" and it is shown as being printed on a piece of white paper or a substrate and it should be interpreted to cover any substrate the design is printed on. A4.

It is respectfully submitted that the above is incorrect. Appellant does not claim any table. Appellant claims a specific table as shown. As shown, the illustration shows synopsized letters in black print on white paper. Not only that, it is shown in a specific arrangement, and if that specific arrangement is not shown it is not covered by the claim. As stated by the Board, in other words the table shown in the drawing may be a surface ornamentation capable of application to a variety of articles for use as teaching aids. The table itself may not be an article but a teaching aid is an article, a piece of paper is an article of manufacture and the design as illustrated is a specific design of synopsized Arabic letters in a specific grouping. Thus, it is Appellant's contention that the claimed "teaching aid" is not a disembodied design. Further, the claimed "teaching aid" does show a group of synopsized Arabic letters arranged in a specific order. Accordingly, it is Appellant's contention that the decision by the Board should be reversed.

As recognized by the Board, a teaching aid for teaching Arabic is a table of information showing 11 rows by 2 columns as disclosed a claimed teaching aid is not yet embodied in or applied to an article of manufacture. Finding the claimed teaching aid is a disembodied design is not correct. The claimed teaching aid shows a group of synopsized Arabic letters arranged in a specific order. It is not a disembodied design. Accordingly, it is Appellant's contention that the decision by the Board should be reversed.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

For the reasons stated herein, the Board's decision affirming the examiner's rejection of claim 2, the sole claim on appeal under 35 U.S.C. § 171 as directed to nonstatutory subject matter, should be reversed.


Respectfully submitted,

   /s/ David E. Dougherty                   dated March 16, 2015

David E. Dougherty
Sean A. Passino
Lowe Hauptman & Ham, LLP
2318 Mill Road, Suite 1400
Alexandria, Virginia 22314
703-535-7076
Fax: 703-518-5499
Email: ddougherty@ipfirm.com

*Attorneys for Appellant Sheikha Lateefah AlSabah*

## CERTIFICATE OF COMPLIANCE

I certify under Federal Rules of Appellate Procedure 32(a)(7)(A) and Federal Circuit Rule 28(a)(14) that this brief does not exceed 30 pages and the brief uses a proportionally spaced 14-point Time New Roman font.

_/s/ David E. Dougherty_

David E. Dougherty
Lowe Hauptman & Ham, LLP
2318 Mill Road, Suite 1400
Alexandria, Virginia 22314
703-535-7076
Fax: 703-518-5499
Email: ddougherty@ipfirm.com

*Attorneys for Appellant Sheikha Lateefah AlSabah*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March 2015, I served the foregoing Brief of Appellant on counsel of record by ECF:


Nathan K. Kelley, Solicitor
Mary L. Kelly, Ph.D., Associate Solicitor
Monica B. Lateef, Associate Solicitor
Jamie L. Simpson
Office of the Solicitor
United States Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450


By:   /s/ David E. Dougherty

David E. Dougherty
Sean A. Passino
Lowe Hauptman & Ham, LLP
2318 Mill Road, Suite 1400
Alexandria, VA 22314
Tel:  703-535-7076
Fax: 703-518-5499
Email: ddougherty@ipfirm.com

*Counsel for Appellant Sheikha Lateefah AlSabah*

## ADDENDUM

Attached as an Addendum is a copy of the judgment appealed from:

*Ex parte AlSabah*, No. 2012-007180 (BPAI September 22, 2014)

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

*Ex parte* SHEIKHA LATEEFAH ALSABAH

_____

Appeal 2012-007180
Application 29/234,717
Technology Center 2900

_____

Before STEVEN D. A. MCCARTHY, LYNNE H. BROWNE, and
LISA M. GUIJT, *Administrative Patent Judges*.

GUIJT, *Administrative Patent Judge*.

DECISION ON APPEAL

This is a decision on appeal under 35 U.S.C. § 134(a) from the
Examiner's rejection of the sole claim on appeal. We have jurisdiction
under 35 U.S.C. § 6(b).

We AFFIRM.

## STATEMENT OF THE CASE

### Claimed Subject Matter

Appellant claims "[t]he ornamental design for a Teaching Aid for Teaching Arabic as shown and described." App. Br. 20. The claimed "teaching aid" is depicted in the sole drawing figure of the application:

| Group | Lateefa Groups |
|---|---|
| 1st | ا |
| 2nd | بـ تـ ثـ يـ نـ ئـ |
| 3rd | جـ حـ خـ |
| 4th | د ذ |
| 5th | ر ز |
| 6th | س ش |
| 7th | صـ ضـ طـ ظـ |
| 8th | عـ غـ فـ قـ |
| 9th | كـ |
| 10th | لـ مـ هـ ـة ة و ي |

The Specification describes the drawing figure as depicting "a table of synopsized Arabic letters divided into groups for teaching the Arabic language."

### Rejections

The sole claim on appeal is rejected under 35 U.S.C. § 171 as directed to nonstatutory subject matter. Ans. 4.

## ANALYSIS

The Examiner concludes that the appealed claim is "directed to nonstatutory subject matter because the design is not shown embodied in or applied to an article." Ans. 4. The Examiner "understands the claim to be synopsized Arabic words and grid lines organized in a table format existing separately from any tangible article to which the design may be applied" and

2

finds that "[i]t remains unknown what the article of manufacture would look like with the design applied to it." *Id.* at 5. The Examiner finds that "no article is illustrated in this application" and reasons that Appellant's design "consists merely of information." *Id.*

Appellant contends that "[a] teaching aid is an article of manufacture and therefore qualifies as patentable subject matter." App. Br. 12. Appellant further contends that "[Appellant's] TEACHING AID FOR TEACHING ARABIC <u>is</u> presented in printed form and is shown exactly in the drawing . . . completely as required by the USPTO." App. Br. 15. In support, Appellant argues that

> [Appellant's] figure clearly shows the design as it appears on a substrate and as shown on a piece of paper that acts as a substrate. Further it is Applicant's contention that a substrate is inherently included in a table. In fact, it is difficult if not impossible to picture a table of data without some substrate as is shown in Figure 1 of [Appellant's] specification. Without a substrate there would be nothing to hold the synopsized Arabic letters in ten groups as shown. . . .
>
> . . . .[A] teaching aid as called for in claim 2 and/or a table (arrangement of data) is patentable subject matter and is fully described as shown in Figure 2 [sic] wherein the design and substrate (background for the synopsized Arabic letters) are shown.

Reply Br. 5–7.

Appellant correctly refers to MPEP Section 1504, reproduced below.

> A picture standing alone is not patentable under 35 U.S.C. § 171. The factor which distinguishes statutory design subject matter from mere picture or ornamentation, *per se* (i.e., abstract design), is the embodiment of the design in an article of manufacture. Consistent with 35 U.S.C. 171, case law and USPTO practice, the design must be shown as applied to or embodied in an article of manufacture.

Reply Br. 7. (citing MPEP § 1504.01).

We note that the only ground of rejection on appeal is for failure to claim a design as embodied in or applied to an article of manufacture under 35 U.S.C. § 171. We do not address whether the claimed design complies with other statutory requirements for patentability. The term "teaching aid" as used in the text of the claim is broad enough to encompass articles of manufacture whose appearances might qualify as patentable subject matter. The term also is broad enough to encompass a mnemonic that might be pictured in the mind independently of any article of manufacture. The drawing does not distinguish between these two possibilities. Even assuming for purposes of this appeal that the term "teaching aid" did refer to an article of manufacture, essentially any article might be converted into an aid for teaching the Arabic language by somehow applying the claimed table to a surface. Because the claim is not limited to the table depicted in the drawing figure as applied to any particular article, it is directed to the table itself in the abstract.

The Examiner correctly concludes that Appellant has not claimed a design for an article of manufacture, as required by 35 U.S.C. § 171. In other words, the table shown in the drawing may be a surface ornamentation capable of application to a variety of articles for use as teaching aids, but contrary to Appellant's assertion, the table is not shown in Figure 1 as applied to any such articles. The table itself is not an article. Accordingly, we sustain the Examiner's rejection.

## DECISION

The Examiner's decision rejecting the sole claim on appeal is AFFIRMED.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R. § 1.136(a)(1)(iv).

## AFFIRMED

mls